| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE MARION SUPERIOR COURT |
| | )ss: | | ROOM NO. |
| COUNTY OF MARION | ) | | CAUSE NO. |

| | |
|---|---|
| WILLIAM CRAWFORD, UNITED SENIOR ACTION OF INDIANA, INDIANAPOLIS RESOURCE CENTER FOR INDEPENDENT LIVING; CONCERNED CLERGY OF INDIANAPOLIS, INDIANAPOLIS BRANCH OF THE NAACP, INDIANA COALITION ON HOUSING AND HOMELESS ISSUES, JOSEPH SIMPSON, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MARION COUNTY ELECTION BOARD, | ) ) |
| Defendants. | ) |

49012050 4PL016207

**FILED**

(194)    APR 28 2005

*Doris Anne Sadler*
CLERK OF THE
MARION CIRCUIT COUIRT

No.

## Complaint for Declaratory and Injunctive Relief / Notice of Claim of Unconstitutionality of Indiana Statute

### Introduction

1.  This case challenges Senate Enrolled Act No. 483, a recently enacted Indiana statute which

    requires that some, but not all, voters provide a photo identification before their vote can be

    counted in any election. The new requirement violates the Voting Rights Act, 42 U.S.C § 1971,

    the United States Constitution, as well as Art. 2, § 1 of the Indiana Constitution. The federal claims

    are brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under state law, of rights

    secured by the laws and Constitution of the United States. Appropriate injunctive and declaratory

    relief is requested.

**Parties**

2.      William Crawford is an adult resident of Marion County, Indiana.

3.      United Senior Action of Indiana is an organization which is headquartered in Indianapolis.

4.      Indianapolis Resource Center for Independent Living is an organization headquartered in Indianapolis.

5.      Concerned Clergy of Indianapolis is an organization headquartered in Indianapolis.

6.      The Indianapolis Branch of the NAACP is the Indianapolis branch of a national civil rights organization.

7.      The Indiana Coalition on Housing and Homeless Issues is a state wide organization located in Indianapolis.

8.      Joseph E. Simpson is an adult resident of Marion County, Indiana.

9.      The Marion County Election Board is created pursuant to Indiana Code § 3-6-5-1, *et seq.,* and is charged, with among other things, conducting all elections, and administering all election laws, in Marion County.  Indiana Code § 3-6-5-14.

**Statutory Background**

10.     Indiana law, Indiana Code § 3-7-13-1, provides that:

A person who:

(1)      will be at least eighteen (18) years of age at the next general, municipal, or special election:

(2)      is a United States citizen, and

(3)      resides in a precinct continuously before a general, municipal, or special election for at least thirty (30) days;

2

may, upon making a proper application under this article, register to vote in that precinct.

11.    Additionally, Indiana law disenfranchises certain prisoners. Indiana Code § 3-7-13-4.

12.    Senate Enrolled Act No. 483 amends existing Indiana law to provide that some Indiana voters who

wish to vote in either a primary or regular election must provide proof of identification. *See,* Senate

Enrolled Act No. 483, Sections 2-4, adding Indiana Code §§ 3-10-1-7.2, 3-11-8-25, 3-11-8-

25.1 (effective July 1, 2005). (Senate Enrolled Act No. 483 is attached as Attachment 1).

13.    Senate Enrolled Act No. 483 notes that "proof of identification" refers to a document that satisfies

all of the following:

> -the document shows the name of the individual to whom the document was issued, and the name conforms to the name in the individual's voter registration record
>
> -the document shows a photograph of the individual to whom the document was issued
>
> -the document includes an expiration date, and the document:
>
> > (A)    is not expired; or
> >
> > (B)    expired after the date of the most recent general election
>
> -the document was issued by the United States or the state of Indiana

Senate Enrolled Act No. 483, Section 1, adding Indiana Code § 3-5-2-40.5 (eff. July 1, 2005).

14.    Current law requires that a voter's signature be compared to that on the voter registration list. *See*

*e.g.,* Indiana Code § 3-11-8-25.1. If it does not match, the voter may be challenged and the voter

may make an appropriate affidavit under the penalties of perjury. *See, e.g.,* Indiana Code §§ 3-

11-8-20 through 3-11-8-23.

3

15.     Under Senate Enrolled Act No. 483, if a prospective voter does not have the required picture

identification issued by the State or federal government he or she will be allowed to vote with a

provisional ballot if the voter signs an affidavit under Indiana Code § 3-11-8-22. Senate Enrolled

Act No. 483, Section 2, 3, 4, adding or amending Indiana Code §§ 3-5-2-40.5, 3-10-1-7.2,3-

11-8-25.

16.     However, in order for the provisional ballot to be counted, the voter must personally appear before

the circuit court clerk or county election board before noon on the Monday following the election

and:

> -present the requisite photo identification and execute an affidavit that the
> voter is the same person who cast the ballot; or
>
> -execute an affidavit that the voter is indigent and unable to obtain proof
> of identification without payment of a fee; or
>
> -execute an affidavit that he or she has a religious objection to being
> photographed

Senate Enrolled Act No. 483, Section 13, adding Indiana Code § 3-11.7-5-2.5 (eff. July 1, 2005).

17.     If the voter personally appears and executes the appropriate affidavits as described in the

preceding paragraph, the provisional ballot shall be determined to be valid unless the county

election board determines that the voter had been challenged for a reason in addition to failing to

provide the requisite identification. *Id.* In the latter case, the county election board shall determine

if the remaining challenges are appropriate. *Id.*

18.     Senate Enrolled Act No. 483 provides that the Indiana Bureau of Motor Vehicles must issue

identification cards without charge to persons who do not have a valid identification card and will

4

be at least eighteen (18) years of age at the time of the next general, municipal, or special election. Senate Enrolled Act No. 483, Section 15, amending Indiana Code § 9-24-16-10 (effective July 1, 2005). Presumably, therefore, no one will be able to verify that he or she was unable to obtain proof of identification without payment of a fee.

19.     Senate Enrolled Act No. 483 provides that an absentee voter is not required to provide proof of identification either when mailing, delivering or transmitting an absentee ballot pursuant to Indiana Code § 3-11-10-1 or if the individual appears to vote before an absentee board pursuant to Indiana Code § 3-11-10-26. Senate Enrolled Act No. 483, adding Indiana Code § 3-11-10-1.2 (effective July 1, 2005).

20.     Senate Enrolled Act No. 483 provides that a voter who votes in person at a polling place that is located at a state licensed care facility where the voter resides is not required to provide proof of identification. Senate Enrolled Act No. 483, Sections 2-4, adding or amending Indiana Code §§ 3-5-2-40.5, 3-10-1-7.2, 3-11-8-25, 3-11-8-25.1.

**Factual allegations**

*General Allegations:*

21.     Although Senate Enrolled Act No. 483 provides that the Bureau of Motor Vehicles must supply identification cards without cost, Bureau of Motor Vehicle rules, *see* Attachment 2, require that in order to obtain an identification card an individual must present a stamped or sealed certificate of birth or other record such as a certification of citizenship or naturalization.

22.     Many persons do not have originals of their birth certificates and there is a cost to obtain stamped or sealed copies of such documents. For example, the Health and Hospital Corporation of Marion

5

County charges $10 to obtain a birth certificate for those persons born in Marion County. If the

individual was born out of state, it may cost much more to obtain a birth certificate with a seal.

23.    Additionally, in order to obtain an identification card from the Bureau of Motor Vehicles, an

Indiana resident must present what the Bureau has termed a "secondary document." These are

listed as:

> -Bank Statement
> -Certified Academic Transcript
> -Confirmation of Registration Letter from an Educational Institution
> -Court documentation with stamp or seal in applicant's name
> -Foreign Consulate-Issued ID Card
> -Government-Issued License or ID Card
> -Hoosier RX Plan Card w/ imprinted name
> -Indiana County Pre-sentence Investigation Report with clerk stamp or seal
> -Indiana Gun Permit (Valid)
> -Indiana Probation Photo ID Card
> -Indiana Professional/Occupational license (Valid)
> -Indiana BMV Title Application w/BMV Valid Stamp
> -Indiana BMV Title or Registration (Valid)
> -Insurance Card
> -Letter from Probation Officer or county caseworker on letterhead stationary, certified with court or county stamp or seal with the applicant's name, and signature of the probation officer
>
> -Major Credit or Bank Card (MC, VISA, AE, and Discover ONLY) (Valid)
> -Original Out-of-State Driver Record
> -Out-of-State Driver License, Identification Card or Permit with photograph
> -Pay Check Stub - Computer generated
> -Prison Release Documentation/Photo ID
> -School Report Card (dated within 12 mos.)
> -School Photo ID Card
>
> -Selective Service Acknowledgement Card-SSS Form 3A
> -U.S. Divorce Decree certified by court of law with stamp or seal
> -U.S. Application of Marriage/Record of Marriage (Certified copy.) Must contain the stamped seal and be signed by the Clerk.
> -U.S. District Court Pre-sentence Investigation Report with clerk stamp or seal
> -U.S. Military Discharge or DD214 Separation papers
> -U.S. Veterans Universal Access ID card with photo
> -W-2 Form (Federal or State) or 1099 Federal tax form

(Attachment 2).

6

24.   Not all potential persons applying for the identification card from the Bureau of Motor Vehicles will have one of the secondary documents and there may not be a way to obtain the documents.

25.   Even if an applicant has a secondary document, if the applicant's address has changed they must provide a document which provides their actual address. (Attachment 2).

26.   It may therefore be difficult, time-consuming, and expensive for applicants for an identification card through the Bureau of Motor Vehicles to collect the information necessary to obtain an identification card and this will deter persons, otherwise eligible, from voting or from taking the steps necessary to assure that their votes are counted.

*Plaintiff Crawford:*

27.   William Crawford was first elected to the Indiana House of Representative in 1972. He represents District No. 98 which is in the near northside area of Indianapolis.

28.   His district contains many minorities, poor persons and elderly persons.

29.   He is aware of the fact that there are persons in his district who have voted in the past who do not have the picture identification required by Senate Enrolled Act No. 483.

30.   He also is aware of the fact that there are persons in his district who are of voting age and are citizens, but who have not voted in the past.

31.   There are those in his district who will have difficulty in collecting and/or paying for the information necessary to obtain a state identification card and will not vote or be discouraged from voting because of the identification requirements contained in Senate Enrolled Act No. 483.

32.   As a result, Senate Enrolled Act No. 483 will prevent some potential voters in his district from voting.

7

33. Representative Crawford plans to stand for reelection in 2006 and therefore has an interest in insuring that as many persons in his district as possible have the opportunity and ability to vote.

34. Additionally, as a citizen he desires that as many persons vote as are eligible to do so and Senate Enrolled Act No. 483 will prevent this from occurring.

35. Moreover, as a citizen he is offended by, and objects to, having to show picture identification to vote in the district that he has represented, lived in, and voted in for more than 30 years and he does not wish to show identification.

*Plaintiff United Senior Action of Indiana*

36. United Senior Action of Indiana is a senior citizen public policy organization which has more than 15,000 members, many of whom live in Marion County, Indiana.

37. Its membership is primarily made up of senior citizens.

38. Many senior citizens may not have valid driver's licenses or state identification cards

39. Many of its members will be discouraged from voting because of the new identification requirements imposed by Senate Enrolled Act No. 483 even though they have voted in the past.

40. Many of its members may find it difficult to obtain the information necessary to procure an identification card from the Bureau of Motor Vehicles.

41. United Senior Action of Indiana is dedicated to aggressively addressing issues of concern to senior citizens and any dilution of senior citizens' ability to vote will injure not only the interests of its senior citizen members but will injure the viability of United Senior Action of Indiana inasmuch as it will diminish its ability to affect public policy.

*Plaintiff Indianapolis Resource Center for Independent Living*

8

42. Indianapolis Resource Center for Independent Living is a private, nonprofit, consumer-controlled, community-based organization which provides services and advocacy by and for persons in the Indianapolis area who have disabilities

43. The goal of the Indianapolis Resource Center for Independent Living is to assist individuals with disabilities to achieve their maximum potential within their families and communities.

44. Indianapolis Resource Center for Independent Living serves as a strong advocacy voice on numerous issues of interest to the disabled community.

45. Many of the members of the Indianapolis Resource Center for Independent Living do not drive and may not have the valid photo identification required by Senate Enrolled Act No. 483.

46. It is particularly difficult for some disabled persons to travel around Indianapolis to collect the information required by the Bureau of Motor Vehicles to obtain a state identification card.

47. It is in the interest of the Indianapolis Resource Center for Independent Living for its members to be politically active voters so that its members, and the organization, may advance their interests.

48. Many of the members of the Indianapolis Resource Center for Independent Living will be discouraged from voting or from voting in person by Senate Enrolled Act No. 483.

49. It is vitally important to the Indianapolis Resource Center for Independent Living, and its members, to be able to access voting areas and to vote to the maximum extent possible.

50. Therefore, to the extent that Senate Enrolled Act No. 483 will make it more difficult for disabled persons to vote it will directly injure not only the members of Indianapolis Resource Center for Independent Living, but it will injure the organization itself inasmuch as it will diminish the ability of the organization to effect its goals and purposes.

9

*Concerned Clergy of Indianapolis*

51.    Concerned Clergy of Indianapolis is an Indianapolis organization which is dedicated to advancing
       social justice issues, particularly issues affecting the poor in Indianapolis.

52.    Among its members are poor persons in the City of Indianapolis.

53.    It advocates for such things as safe, affordable housing and adequate health care and education,
       for example.

54.    It also advocates for voting rights and that persons exercise their right to vote.

55.    It is extremely important that poor persons exercise their right to vote inasmuch as issues of interest
       to the poor are often ignored because of their perceived lack of political power.

56.    Senate Enrolled Act No. 483 will discourage poor persons from voting.

57.    Poor persons may not have a driver's license or state identification cards and may not have the
       resources necessary to pay for a birth certificate and may not be able to collect the information
       required to obtain a state identification card from the Bureau of Motor Vehicles.

58.    Additionally, having to vote, sign an affidavit, and then obtain an identification card and go to the
       Clerk's office and sign another affidavit may be so daunting that poor persons, and others, may
       choose not to vote.

59.    It is essential to Concerned Clergy of Indiana that the political power of poor persons be
       maximized to the greatest extent possible, not only because this will maximize the ability of poor
       persons to have issues of interest to them heard, but also because this will increase the
       organization's ability to effect its goals and purpose.

60.    Therefore, to the extent that Senate Bill 483 will discourage poor persons from voting, it will

                                                   10

directly injure Concerned Clergy of Indianapolis.

*Plaintiff Indianapolis Branch of the NAACP*

61.    The Indianapolis branch of the NAACP is the local branch of one of the oldest civil rights organizations in the United States.

62.    The NAACP is dedicated to protection and enhancement of the civil rights, including voting rights, of African Americans and other minorities.

63.    The NAACP has many members in Marion County.

64.    The NAACP believes it is essential to mobilize voters to participate in elections so as to ensure continued enforcement and expansion of civil rights laws and so as to ensure the continued protection of minorities.

65.    Senate Enrolled Act No. 483 will make it more difficult for NAACP members and other voters to participate in elections because it will impose artificial barriers onto those who wish to vote but who do not have the appropriate identification.

66.    The NAACP is vehemently opposed to any fee which smacks of a "poll tax" and inasmuch as persons will have to pay to obtain original copies of birth certificates in order to exercise the right to vote, this is strongly objected to by the NAACP.

67.    The NAACP therefore has an interest in ensuring that as many persons as possible are able to vote and ensuring that elections are actually free and open.

68.    Senate Enrolled Act No. 483 impedes the ability of persons to vote. This negatively impacts not only the members of the Indianapolis Branch of the NAACP, but it directly, and negatively, impacts the interests of the Indianapolis Branch of the NAACP inasmuch as it dilutes and diminishes its

11

political effectiveness because it is unable to mobilize as many voters to effectuate its goals and purposes.

*Indiana Coalition on Housing and Homeless Issues*

69.    Indiana Coalition on Housing and Homeless Issues (ICHHI) is a statewide non-profit organization that is committed to assisting Indiana residents in obtaining safe, decent, affordable housing, and in combating homelessness.

70.    Its members consist of both service providers and homeless and impoverished individuals in Marion County and the remainder of the State of Indiana.

71.    ICHHI is aware that many homeless and impoverished persons do not have valid driver's licenses and state identification cards.

72.    Obtaining these from the Bureau of Motor Vehicles will be expensive and time consuming because of the documents required by the Bureau of Motor Vehicles.

73.    Moreover, homeless persons may not have the documents required by the Bureau of Motor Vehicles to establish their identities

74.    If the individual was born out of state and needs to procure a new birth certificate it may be particularly difficult and expensive to procure the birth certificate.

75.    Homeless persons frequently have transportation difficulties and therefore it will be extremely difficult and it will be expensive for a homeless person who is allowed to vote on a provisional ballot to get to where he or she can obtain identification and then to the Clerk's office to present that identification.

76.    This will certainly discourage homeless persons from voting.

12

77.  Senate Enrolled Act No. 483 will prohibit members of ICHHI from voting because they will not be able to timely satisfy the identification requirements or they will not be able to navigate the steps necessary to have their vote counted.

78.  In addition to denying members of ICHHI the opportunity to vote, Senate Bill No 483 will also directly injure ICHHI. If homeless persons are even more politically marginalized, ICHHI's general effectiveness as their voice and advocate will be reduced as well.

*Joseph Simpson*

79.  Joseph E. Simpson is a member of the Washington Township Board in Marion County, to which he was elected by the voters of the Township. most recently in the general election in 2004. He has served three terms.

80.  Joseph Simpson is also a precinct committee person, to which he was elected at the primary election in 2003.

81.  He is aware that there are voters in his district who have voted in the past without possessing the identification now required by Senate Enrolled Act No. 483.

82.  He is aware that some of these voters will be discouraged from obtaining the identification required by Senate Enrolled Act No. 483 because of the cost and/or inconvenience of obtaining the underlying documents necessary to obtain an identification card from the Bureau of Motor Vehicles.

83.  He is interested in maximizing the number of persons voting in his precinct both because he wants to continue in office and because, as a citizen, he is interested in maximizing the number of persons who exercise their right to vote.

13

84.    As a citizen, Joseph Simpson is opposed to having to show identification to vote inasmuch as he

is a long term registered voter and has a voter registration card issued by the County which

imposes criminal penalties for misuse. He therefore does not see the need to present picture

identification, especially inasmuch as he has resided in his district for quite some time. He objects

to having to display picture identification in order to vote.

*General allegations*

85.    On information and belief there has not been any widespread identity fraud in Indiana among voters

personally appearing to vote and the proponents of Senate Enrolled Act No. 483 did not produce

evidence of any such fraud.

86.    Senate Enrolled Act No. 483 will impede the ability of persons to vote.

87.    Under Indiana law, the Marion County Election Board is responsible for conducting all elections

in Marion County,  Indiana Code § 3-6-5-14, and will therefore enforce the Act in the County.

88.    The actions of the Marion County Election Board will cause plaintiffs irreparable harm for which

there is no adequate remedy at law.

89.    At all times defendants have acted, and will act, under color of state law.

**Legal claims**

90.    Senate Enrolled Act No. 483 requires some, but not all, voters to produce "proof of identification."

Inasmuch as all citizens are not required to produce "proof of identification" the requirement

violates the Voting Rights Act, 42 U.S.C. § 1971(a)(2)(A), which does not allow officials:

> in determining whether any individual is qualified under State law or laws
> to vote in any election, apply any standard, practice or procedure different
> from the standards, practices, or procedures applied under such law or

14

laws to other individuals within the same county, parish, or similar political
subdivision who have been found by State officials to be qualified to vote.

91.   Senate Enrolled Act No. 483 requires some, but not all, voters to produce "proof of identification."

Inasmuch as all citizens are not required to produce "proof of identification" the requirement of such

identification is therefore not an essential requirement to vote in Indiana. Senate Enrolled Act No.

483 therefore violates the Voting Rights Act, 42 U.S.C. § 1971(a)(2)(B) which prohibits officials

from denying:

the right to any individual to vote in any election because of an error or
omission on any record or paper relating to any application, registration,
or other act requisite to voting, if such error or omission is not material in
determining whether such individual is qualified under State law to vote in
such an election.

92.   Although Senate Enrolled Act No. 483 provides that the Bureau of Motor Vehicles will provide

a state identification card without cost, there are costs attendant to obtaining the documents which

the Bureau of Motor Vehicles requires in order to obtain the card. This is a *de facto* poll tax which

violates the Equal Protection Clause of the United States Constitution.

93.   Regardless of the cost, Senate Enrolled Act No. 483 imposes unreasonable and irrational burdens

and requirements on the fundamental right to vote and is unconstitutional as violating the Fourteenth

Amendment to the United States Constitution.

94.   Senate Enrolled Act No. 483 creates an election system which is neither free nor equal in violation

of Art. 2, § 1 of the Indiana Constitution.

WHEREFORE, plaintiffs request that this Court:

1.    Enter a declaratory judgment that Senate Enrolled Act No. 483 is unlawful for the reasons
noted above.

15

2.      Enter a preliminary injunction, later to be made permanent, enjoining Senate Enrolled Act
        No 483 insofar as it requires the "proof of identification" as defined in Section 1 of the Bill.

3.      Award plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4.      Award all other proper relief.

                                        _____
                                        Kenneth J. Falk
                                        No. 6777-49
                                        Indiana Civil Liberties Union
                                        1031 E. Washington St.
                                        Indianapolis, IN 46202
                                        317/635-4059 ext. 229
                                        Fax: 317/635-4105
                                        E-mail: ken.falk@iclu.org

                                        Attorney for Plaintiffs

# ATTACHMENT ONE

First Regular Session 114th General Assembly (2005)

PRINTING CODE. Amendments: Whenever an existing statute (or a section of the Indiana Constitution) is being amended, the text of the existing provision will appear in this style type, additions will appear in **this style type,** and deletions will appear in ~~this style type.~~
Additions: Whenever a new statutory provision is being enacted (or a new constitutional provision adopted), the text of the new provision will appear in **this style type.** Also, the word **NEW** will appear in that style type in the introductory clause of each SECTION that adds a new provision to the Indiana Code or the Indiana Constitution.
Conflict reconciliation: Text in a statute in *this style type* or ~~*this style type*~~ reconciles conflicts between statutes enacted by the 2004 Regular Session of the General Assembly.

## SENATE ENROLLED ACT No. 483

———

AN ACT to amend the Indiana Code concerning elections.

*Be it enacted by the General Assembly of the State of Indiana:*

SOURCE: IC 3-5-2-40.5; (05)SE0483.1.1. -->    SECTION 1. IC 3-5-2-40.5 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 40.5. **"Proof of identification"** refers to a document that satisfies all the following:
    **(1) The document shows the name of the individual to whom the document was issued, and the name conforms to the name in the individual's voter registration record.**
    **(2) The document shows a photograph of the individual to whom the document was issued.**
    **(3) The document includes an expiration date, and the document:**
        **(A) is not expired; or**
        **(B) expired after the date of the most recent general election.**
    **(4) The document was issued by the United States or the state of Indiana.**
SOURCE: IC 3-10-1-7.2; (05)SE0483.1.2. -->    SECTION 2. IC 3-10-1-7.2 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 7.2. **(a) Except as provided in subsection (e), a voter who desires to vote an official ballot at a primary election shall provide proof of identification.**

    **(b) Except as provided in subsection (e), before the voter proceeds to vote in a primary election, a member of the precinct election board shall ask the voter to provide proof of identification. The voter must produce the proof of identification before being permitted to sign the poll list.**
    **(c) If:**
        **(1) the voter is unable or declines to present the proof of identification; or**
        **(2) a member of the precinct election board determines that the proof of identification presented by the voter does not qualify as proof of identification under IC 3-5-2-40.5;**
    **a member of the precinct election board shall challenge the voter as prescribed by IC 3-11-8.**
    **(d) If the voter executes a challenged voter's affidavit under section 9 of this chapter or IC 3-11-8-22, the vote may:**
        **(1) sign the poll list; and**
        **(2) receive a provisional ballot.**
    **(e) A voter who votes in person at a precinct polling place that is located at a state licensed care facility where the voter resides is not required to provide proof of identification before voting in a primary election.**

SOURCE: IC 3-11-8-25; (05)SE0483.1.3. -->    SECTION 23. IC 3-11-8-25 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 25. (a) **Except as provided in subsection (e), a voter who desires to vote an official ballot at an election shall provide proof of identification.**

(b) **Except as provided in subsection (e), before the voter proceeds to vote in the election, a member of the precinct election board shall ask the voter to provide proof of identification. The voter shall produce the proof o identification before being permitted to sign the poll list.**

(c) **If:**
   (1) **the voter is unable or declines to present the proof of identification; or**
   (2) **a member of the precinct election board determines that the proof of identification provided by the voter does not qualify as proof of identification under IC 3-5-2-40.5;**
a member of the precinct election board shall challenge the voter as prescribed by this chapter.

(d) **If the voter executes a challenged voter's affidavit under section 22 of this chapter, the voter may:**
   (1) **sign the poll list; and**
   (2) **receive a provisional ballot.**

---

(e) **A voter who votes in person at a precinct polling place that is located at a state licensed care facility where the voter resides is not required to provide proof of identification before voting in an election.**

(f) After a voter has passed the challengers or has been sworn in, the voter shall be ~~admitted to the polls. Upon entering the polls, the~~ **instructed by a member of the precinct election board to proceed to the location where the poll clerks are stationed. The** voter shall announce the voter's name to the poll clerks or assistant poll clerks. A poll clerk, an assistant poll clerk, or a member of the precinct election board shall require the voter to write the following on the poll list:
   (1) The voter's name.
   (2) The voter's current residence address.

~~(b)~~ (g) The poll clerk, an assistant poll clerk, or a member of the precinct election board shall:
   (1) ask the voter to provide the voter's voter identification number;
   (2) tell the voter the number the voter may use as a voter identification number; and
   (3) explain to the voter that the voter is not required to provide a voter identification number at the polls.

~~(c)~~ (h) ~~This subsection applies after December 31, 2003.~~ The poll clerk or assistant poll clerk shall examine the list provided under IC 3-7-29-1 or IC 3-11-3-18 to determine if the county election board has indicated that the voter is required to provide additional personal identification under 42 U.S.C. 15483 and IC 3-7-33-4.5 before voting in person. If the list (or a certification concerning absentee voters under IC 3-11-10-12) indicates that the voter is required to present this identification before voting in person, the poll clerk shall advise the voter that the voter must present, **in addition to the proof of identification required under subsection (b),** a piece of identification described in subsection ~~(d)~~ (i) to the poll clerk.

~~(d)~~ (i) ~~This subsection applies after December 31, 2003.~~ As required by 42 U.S.C. 15483, **in addition to the proof of identification required under subsection (b),** a voter described by IC 3-7-33-4.5 who has not complied with IC 3-7-33-4.5 before appearing at the polls on election day must present one (1) of the following documents to the poll clerk:
   (1) a current and valid photo identification; or
   (2) a current utility bill, bank statement, government check, paycheck, or government document that shows the name and address of the voter.

---

~~(e)~~ (j) ~~This subsection applies after December 31, 2003.~~ If a voter presents a document under subsection ~~(d),~~ (i), the poll clerk shall add a notation to the list indicating the type of document presented by the voter. The election division shall prescribe a standardized coding system to classify documents presented under this subsection for entry into the county voter registration system.

~~(f)~~ (k) ~~This subsection applies after December 31, 2003.~~ If a voter required to present documentation under subsection ~~(d)~~ (i) is unable to present the documentation to the poll clerk while present in the polls, the poll clerk shall notify the precinct election board. The board shall provide a provisional ballot to the voter under IC 3-11.7-2.

~~(g)~~ (l) ~~This subsection applies after December 31, 2003.~~ The precinct election board shall advise the voter that the voter may file a copy of the documentation with the county voter registration office to permit the provisional ballot to be counted under IC 3-11.7.

~~(h)~~ (m) This subsection does not apply to a precinct in a county with a computerized registration system whose inspector was:
   (1) furnished with a list certified under IC 3-7-29; and

(2) not furnished with a certified photocopy of the signature on the affidavit of registration of each voter of the precinct for the comparison of signatures under this section.

In case of doubt concerning a voter's identity, the precinct election board shall compare the voter's signature with the signature on the affidavit of registration or any certified copy of the signature provided under IC 3-7-29. If the board determines that the voter's signature is authentic, the voter may then vote. If either poll clerk doubts the voter's identity following comparison of the signatures, the poll clerk shall challenge the voter in the manner prescribed by section 21 of this chapter.

~~(i)~~ (n) If, in a precinct governed by subsection ~~(h):~~ (m):

    (1) the poll clerk does not execute a challenger's affidavit; or

    (2) the voter executes a challenged voter's affidavit under section 22 of this chapter or had executed the affidavit before signing the poll list;

the voter may then vote.

~~(j)~~ (o) This section expires January 1, 2006.

SOURCE: IC 3-11-8-25.1; (05)SE0483.1.4. -->    SECTION 4. IC 3-11-8-25.1 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 25.1. (a) This section applies after December 31, 2005.

  **(b) Except as provided in subsection (f), a voter who desires to vote an official ballot at an election shall provide proof of identification.**

---

  **(c) Except as provided in subsection (f), before the voter proceeds to vote in the election, a member of the precinct election board shall ask the voter to provide proof of identification. The voter shall produce the proof of identification before being permitted to sign the poll list.**

  **(d) If:**

    **(1) the voter is unable or declines to present the proof of identification; or**

    **(2) a member of the precinct election board determines that the proof of identification provided by the voter does not qualify as proof of identification under IC 3-5-2-40.5;**

**a member of the precinct election board shall challenge the voter as prescribed by this chapter.**

  **(e) If the voter executes a challenged voter's affidavit under section 22 of this chapter, the voter may:**

    **(1) sign the poll list; and**

    **(2) receive a provisional ballot.**

  **(f) A voter who votes in person at a precinct polling place that is located at a state licensed care facility where the voter resides is not required to provide proof of identification before voting in an election.**

  ~~(b)~~ **(g)** After a voter has passed the challengers or has been sworn in, the voter shall be ~~admitted to the polls. Upon entering the polls, the~~ **instructed by a member of the precinct election board to proceed to the location where the poll clerks are stationed. The** voter shall announce the voter's name to the poll clerks or assistant poll clerks. A poll clerk, an assistant poll clerk, or a member of the precinct election board shall require the voter to write the following on the poll list:

    (1) The voter's name.

    (2) Except as provided in subsection ~~(f);~~ **(l),** the voter's current residence address.

  ~~(c)~~ **(h)** The poll clerk, an assistant poll clerk, or a member of the precinct election board shall:

    (1) ask the voter to provide or update the voter's voter identification number;

    (2) tell the voter the number the voter may use as a voter identification number; and

    (3) explain to the voter that the voter is not required to provide or update a voter identification number at the polls

  **(i) The poll clerk, an assistant poll clerk, or a member of the precinct election board shall ask the voter to provide proof of identification.**

---

  ~~(d)~~ **(j)** In case of doubt concerning a voter's identity, the precinct election board shall compare the voter's signature with the signature on the affidavit of registration or any certified copy of the signature provided under IC 3-7-29. If the board determines that the voter's signature is authentic, the voter may then vote. If either poll clerk doubts the voter's identity following comparison of the signatures, the poll clerk shall challenge the voter in the manner prescribed by section 21 of this chapter.

  ~~(e)~~ **(k)** If, in a precinct governed by subsection ~~(c):~~ **(h):**

    (1) the poll clerk does not execute a challenger's affidavit; or

    (2) the voter executes a challenged voter's affidavit under section 22 of this chapter or executed the affidavit before signing the poll list;

the voter may then vote.

(f) (I) Each line on a poll list sheet provided to take a voter's current address must include a box under the heading "Address Unchanged" so that a voter whose residence address shown on the poll list is the voter's current residence address may check the box instead of writing the voter's current residence address on the poll list.

SOURCE: IC 3-11-8-25.2; (05)SE0483.1.5. -->    SECTION 5. IC 3-11-8-25.2 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 25.2. (a) This section applies after December 31, 2005.

(b) The poll clerk or assistant poll clerk shall examine the list provided under IC 3-7-29-1 to determine if the county election board has indicated that the voter is required to provide additional personal identification under 42 U.S.C. 15483 and IC 3-7-33-4.5 before voting in person. If the list (or a certification concerning absentee voters under IC 3-11-10-12) indicates that the voter is required to present this identification before voting in person, the poll clerk shall advise the voter that the voter must present, **in addition to the proof of identification required by section 25.1(b) of this chapter,** a piece of identification described in subsection (c) to the poll clerk.

(c) As required by 42 U.S.C. 15483, **and in addition to the proof of identification required by section 25.1(b) of this chapter,** a voter described by IC 3-7-33-4.5 who has not complied with IC 3-7-33-4.5 before appearing at the poll on election day must present one (1) of the following documents to the poll clerk:

(1) A current and valid photo identification.

(2) A current utility bill, bank statement, government check, paycheck, or government document that shows the name and address of the voter.

(d) If a voter presents a document under subsection (c), the poll

clerk shall add a notation to the list indicating the type of document presented by the voter. The election division shall prescribe a standardized coding system to classify documents presented under this subsection for entry into the county voter registration system.

(e) If a voter required to present documentation under subsection (c) is unable to present the documentation to the poll clerk while present in the polls, the poll clerk shall notify the precinct election board. The board shall provide a provisional ballot to the voter under IC 3-11.7-2.

(f) The precinct election board shall advise the voter that the voter may file a copy of the documentation with the county voter registration office to permit the provisional ballot to be counted under IC 3-11.7.

SOURCE: IC 3-11-8-25.5; (05)SE0483.1.6. -->    SECTION 6. IC 3-11-8-25.5 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 25.5. If an individual signs the individual's name and either:

(1) signs the individual's address; or

(2) after December 31, 2005, checks the "Address Unchanged" box;

on the poll list under section 25 **or 25.1** of this chapter and then leaves the polls without casting a ballot or after casting a provisional ballot, the voter may not be permitted to reenter the polls to cast a ballot at the election.

SOURCE: IC 3-11-8-29; (05)SE0483.1.7. -->    SECTION 7. IC 3-11-8-29 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 29. **(a) This section does not apply to a list kept by a poll clerk under section 10.5 of this chapter.**

**(b)** A precinct election board may not keep a poll list other than the poll list required by section 25 **or 25.1** of this chapter.

SOURCE: IC 3-11-10-1.2; (05)SE0483.1.8. -->    SECTION 8. IC 3-11-10-1.2 IS ADDED TO THE INDIANA CODE AS A NEW SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: **Sec. 1.2. An absentee voter is not required to provide proof of identification when:**

**(1) mailing, delivering, or transmitting an absentee ballot under section 1 of this chapter; or**

**(2) voting before an absentee board under this chapter.**

SOURCE: IC 3-11-10-22; (05)SE0483.1.9. -->    SECTION 9. IC 3-11-10-22 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 22. (a) If an absentee ballot is challenged under section 21 of this chapter, the absentee voter's application for an absentee ballot shall be considered as the affidavit required to be made by a voter when challenged at the polls while voting in person. ~~In all other respects~~

**(b) Except as provided in subsection (c),** the challenge procedure **under this section** is the same as though the ballot was cast by the

voter in person.

**(c) An absentee voter is not required to provide proof of identification.**

(d) If a proper affidavit is made that would entitle the absentee voter to vote if the absentee voter had personally

appeared, then the absentee ballot shall be placed in the ballot box.

SOURCE: IC 3-11.5-4-16; (05)SE0483.1.10. -->    SECTION 10. IC 3-11.5-4-16 IS AMENDED TO READ AS
FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 16. (a) If an absentee ballot is challenged under section 15 of this
chapter, the absentee voter's application for an absentee ballot shall be considered as the affidavit required to be made
by a voter when challenged at the polls while voting in person. In all other respects,

**(b) Except as provided in subsection (c),** the challenge procedure **under this section** is the same as though the
ballot was cast by the voter in person.

**(c) An absentee voter is not required to provide proof of identification.**

(b) **(d)** If a proper affidavit by a qualified person in the form required by IC 3-11-8-22 is made that would entitle the
absentee voter to vote if the absentee voter had personally appeared, the couriers shall return the affidavit to the county
election board in the same envelope as the certificate returned under section 9 of this chapter.

(c) **(e)** The absentee ballot cast by the challenged voter shall be counted if the county election board makes the
findings required under section 11 of this chapter.

SOURCE: IC 3-11.7-2-3; (05)SE0483.1.11. -->    SECTION 11. IC 3-11.7-2-3 IS AMENDED TO READ AS
FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 3. (a) The precinct election board shall affix to the envelope the
challenger's affidavit and the affidavit executed by the provisional voter under section 1 of this chapter.

**(b) The form of the envelope is prescribed under IC 3-6-4.1-14. The envelope must permit a member of a
precinct election board to indicate whether the voter has been issued a provisional ballot as the result of a
challenge based on the voter's inability or declination to provide proof of identification.**

(b) **(c)** Except as provided in subsection (c) **(d)** and in accordance with 42 U.S.C. 15482, the precinct election board
shall securely keep the sealed envelope, along with the affidavits affixed to the envelope, in another envelope or
container marked "Provisional Ballots".

(c) **(d)** This subsection applies to the sealed envelope and the affidavits affixed to the envelope of a provisional voter
described in section 1(a)(3) of this chapter. As required by 42 U.S.C. 15482, the

precinct election board shall keep the sealed envelope or container separate from the envelope or container described in
subsection (b). **(c).** The envelope or container described in this subsection must be labeled "Provisional Ballots Issued
After Regular Poll Closing Hours".

SOURCE: IC 3-11.7-5-2; (05)SE0483.1.12. -->    SECTION 12. IC 3-11.7-5-2 IS AMENDED TO READ AS
FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 2. (a) Except as provided in section 5 of this chapter, if the county
election board determines that all the following apply, a provisional ballot is valid and shall be counted under this
chapter:

(1) The affidavit executed by the provisional voter under IC 3-11.7-2-1 is properly executed.

(2) The provisional voter is a qualified voter of the precinct **and has provided proof of identification, if
required, under IC 3-10-1 or IC 3-11-8.**

(3) Based on all the information available to the county election board, including:

(A) information provided by the provisional voter;

(B) information contained in the county's voter registration records; and

(C) information contained in the statewide voter registration file;

the provisional voter registered to vote at a registration agency under this article on a date within the registration
period.

(b) If the provisional voter has provided information regarding the registration agency where the provisional voter
registered to vote, the board shall promptly make an inquiry to the agency regarding the alleged registration. The
agency shall respond to the board not later than noon of the first Friday after the election, indicating whether the
agency's records contain any information regarding the registration. If the agency does not respond to the board's
inquiry, or if the agency responds that the agency has no record of the alleged registration, the board shall reject the
provisional ballot. The board shall endorse the ballot with the word "Rejected" and document on the ballot the inquiry
and response, if any, by the agency.

(c) This subsection applies after December 31, 2003. Except as provided in section 5 of this chapter, a provisional
ballot cast by a voter described in IC 3-11.7-2-1(b) is valid and shall be counted if the county election board determine
under this article that the voter filed the documentation required under IC 3-7-33-4.5 and 42 U.S.C. 15483 with the
county voter registration office not later than the closing of the polls on election day.

SOURCE: IC 3-11.7-5-2.5; (05)SE0483.1.13. -->    SECTION 13. IC 3-11.7-5-2.5 IS ADDED TO THE INDIANA

CODE AS A NEW SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 2.5. (a) A voter who:
    (1) was challenged under IC 3-10-1 or IC 3-11-8 as a result of the voter's inability or declination to provide
proof of identification; and
    (2) cast a provisional ballot;
may personally appear before the circuit court clerk or the county election board not later than the deadline
specified by section 1 of this chapter for the county election board to determine whether to count a provisional
ballot.
    (b) Except as provided in subsection (c) or (e), if the voter:
    (1) provides proof of identification to the circuit court clerk or county election board; and
    (2) executes an affidavit before the clerk or board, in the form prescribed by the commission, affirming
under the penalties of perjury that the voter is the same individual who:
        (A) personally appeared before the precinct election board; and
        (B) cast the provisional ballot on election day;
the county election board shall find that the voter's provisional ballot is valid and direct that the provisional
ballot be opened under section 4 of this chapter and processed in accordance with this chapter.
    (c) If the voter executes an affidavit before the circuit court clerk or county election board, in the form
prescribed by the commission, affirming under the penalties of perjury that:
    (1) the voter is the same individual who:
        (A) personally appeared before the precinct election board; and
        (B) cast the provisional ballot on election day; and
    (2) the voter:
        (A) is:
           (i) indigent; and
           (ii) unable to obtain proof of identification without the payment of a fee; or
        (B) has a religious objection to being photographed;
the county election board shall determine whether the voter has been challenged for any reason other than the
voter's inability or declination to present proof of identification to the precinct election board.
    (d) If the county election board determines that the voter described in subsection (c) has been challenged
solely for the

inability or declination of the voter to provide proof of identification, the county election board shall:
    (1) find that the voter's provisional ballot is valid; and
    (2) direct that the provisional ballot be:
        (A) opened under section 4 of this chapter; and
        (B) processed in accordance with this chapter.
    (e) If the county election board determines that a voter described in subsection (b) or (c) has been challenged
for a cause other than the voter's inability or declination to provide proof of identification, the board shall:
    (1) note on the envelope containing the provisional ballot that the voter has complied with the proof of
identification requirement; and
    (2) proceed to determine the validity of the remaining challenges set forth in the challenge affidavit before
ruling on the validity of the voter's provisional ballot.
    (f) If a voter described by subsection (a) fails by the deadline for counting provisional ballots referenced in
subsection (a) to:
    (1) appear before the county election board; and
    (2) execute an affidavit in the manner prescribed by subsection (b) or (c);
the county election board shall find that the voter's provisional ballot is invalid.

SOURCE: IC 3-11.7-5-3; (05)SE0483.1.14. -->    SECTION 14. IC 3-11.7-5-3 IS AMENDED TO READ AS
FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 3. (a) If the board determines that the affidavit executed by the
provisional voter has not been properly executed, that the provisional voter is not a qualified voter of the precinct, **that
the voter failed to provide proof of identification when required under IC 3-10-1 or IC 3-11-8,** or that the
provisional voter did not register to vote at a registration agency under this article on a date within the registration

period, the board shall make the following findings:

    (1) The provisional ballot is invalid.

    (2) The provisional ballot may not be counted.

    (3) The provisional ballot envelope containing the ballots cast by the provisional voter may not be opened.

  (b) If the county election board determines that a provisional ballot is invalid, a notation shall be made on the provisional ballot envelope: "Provisional ballot determined invalid".

SOURCE: IC 9-24-16-10; (05)SE0483.1.15. -->    SECTION 15. IC 9-24-16-10 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 10. **(a)** The bureau may adopt rules under IC 4-22-2 and prescribe all forms necessary to

implement this chapter. **However, the bureau may not impose a fee for the issuance of:**

    **(1) an original;**

    **(2) a renewal of an; or**

    **(3) a duplicate;**

**identification card to an individual described in subsection (b).**

  **(b) An identification card must be issued without the payment of a fee or charge to an individual who:**

    **(1) does not have a valid Indiana driver's license; and**

    **(2) will be at least eighteen (18) years of age at the next general, municipal, or special election.**

SOURCE: IC 9-29-3-14; (05)SE0483.1.16. -->    SECTION 16. IC 9-29-3-14 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 14. (a) **Except as provided in IC 9-24-16-10,** the service charge for an identification card issued under IC 9-24 is fifty cents ($0.50) and one-half (1/2) of each fee collected as set forth in IC 9-29-9-15.

  (b) Fifty cents ($0.50) of each service charge collected under subsection (a) shall be deposited in the state motor vehicle technology fund established by IC 9-29-16-1.

SOURCE: IC 9-29-9-15; (05)SE0483.1.17. -->    SECTION 17. IC 9-29-9-15 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2005]: Sec. 15. **Except as provided in IC 9-24-16-10,** the fees for the issuance, renewal, or duplication of identification cards under IC 9-24-16 are as follows:

    (1) For a person at least sixty-five (65) years of age or a person with a physical disability and not entitled to obtain a driving license, two dollars ($2).

    (2) For any other eligible person, four dollars ($4).

SOURCE: ; (05)SE0483.1.18. -->

SOURCE: -->    SECTION 18. [EFFECTIVE JULY 1, 2005] (a) **It is the intent of the general assembly that no fee or charge be imposed for the issuance of:**

    **(1) an original;**

    **(2) a renewal of an; or**

    **(3) a duplicate;**

**identification card to an individual described in subsection (b).**

  **(b) An identification card must be issued without the payment of a fee or charge to an individual who:**

    **(1) does not have a valid Indiana driver's license; and**

    **(2) will be at least eighteen (18) years of age at the next general, municipal, or special election.**

  **(c) Before January 1, 2006, the bureau of motor vehicles shall amend 140 IAC 8-3-20 to remove all fees and charges imposed for the issuance of an identification card to an individual described in**

**subsection (b).**

  **(d) This SECTION expires January 1, 2006.**

---

**SEA 483 _ Concur**

---

Figure

Graphic file number 0 named seal1001.pcx with height 58 p and width 72 p Left aligned

# ATTACHMENT TWO

**Indiana Bureau of Motor Vehicles**

---

## Driver License

### Identification Requirements

Revised Requirements, effective November 3, 2003 | click here for Spanish version

---

### INDIANA BUREAU OF MOTOR VEHICLES IDENTIFICATION DOCUMENTATION LIST AND INSTRUCTIONS

For many individuals, a Driver License or Identification Card issued by the Indiana Bureau of Motor Vehicles (BMV) is the most important means of proving their identity. The Bureau of Motor Vehicles endeavors to safeguard the integrity of driver documents and to protect the public from false and/or fraudulent applications. In accordance with Indiana Code 9-24-18-2, making a false or fraudulent application is a criminal offense punishable by imprisonment, fine and license suspension.

Documents presented to the Bureau of Motor Vehicles for identification purposes will be kept confidential.

Only original documents or those certified by the issuing agency will be accepted. The BMV reserves the right to refuse any identification presented by the applicant that BMV personnel may find questionable. Altered documents will not be accepted. All documents must contain the applicant's name and each document must be in the English language or contain an English translation. For purposes herein, the term "valid" means "not expired."

#### NEW ISSUANCES

A new issuance of a Driver License, Permit, or ID Card requires the applicant to present:

NOTE:   An applicant for an Indiana ID card is not required to present social security documentation.

- One (1) Primary Document
- One (1) Proof of Social Security Number (SSN)*
- One (1) Secondary Document
- One (1) Proof of Indiana Residency Document
- A Primary or Secondary Document may also meet the Indiana residency requirement as long as the applicant's name and correct address are shown on the document

    **OR**

- Two (2) Primary Documents
- One (1) Proof of Social Security Number*
- One (1) Proof of Indiana Residency Document

#### RENEWALS / AMENDMENTS

Indiana applicants who are renewing or amending an Indiana Driver License, Permit, or ID Card must surrender the License, Permit, or ID Card and verbally verify the Social Security Number on the BMV record. If the License, Permit or ID Card has the correct address, no other Proof of Indiana Residency is required. If the applicant's address has changed, one (1) Proof of Indiana Residency document must be presented. Applicants presenting a License, Permit or ID Card that has expired more than ten (10) years ago must provide documentation as if applying for a new License or Permit.

#### DUPLICATES

Individuals whose License, Permit or ID Card have been lost or stolen and who are applying for a duplicate must present:

Case 1:05-cv-00804-SEB-VSS    Document 1-1    Filed 05/27/05    Page 28 of 38 PageID #: 31

- One (1) Primary Document
- One (1) Secondary Document
- Verbal verification of Social Security Number on the BMV record
- Proof of residency is not required unless the applicant's address has changed

  **OR**

- Indiana Driver License

*If the applicant does not have a Social Security Number, the applicant must complete the BMV Social Security Affidavit.

---

**To meet the above requirements, customers must present documents from the following categories:**

### PRIMARY DOCUMENTS (1 required)

**United States Birth Certificate** with stamp or seal issued from:

- County Department or County Board of Health Vital Records/Statistics Division from the applicant's State of birth
- State Department or State Board of Health Vital Records/Statistics Division from the applicant's State of birth
- U.S. State Department
- United States Territories - American Samoa, Guam, Puerto Rico, and Virgin Islands (translation may be required)

Certification of Report of Birth DS-1350

U.S. Consular Report of Birth FS-240

U.S. Certificate of Naturalization/Citizenship

### Valid U.S. Military/Merchant Marine Photo ID

### Valid U.S. Passport

### Acceptable INS Documentation

- Valid foreign passport with a Visa that includes a valid I-94 in the passport indicating the duration of stay in the U.S. (Canadian passports are not required to have a Visa when entering the U.S. and are exempt from this requirement.)
- Employment Authorization Card I-688B
- Employment Authorization Card I-766
- I-94 Stamped with "Section 207" Refugee Status
- I-94 Stamped with "Section 208" Asylum Status
- Permanent Resident Card I-551
- Temporary I-551 stamp
- Temporary Resident Card I-688
- Re-Entry Permit I-327
- Refugee Travel Document I-571
- Other INS documentation subject to BMV Driver Services approval

NOTE: Out of Country Licenses are no longer accepted as identification or proof of driving experience.

An applicant submitting VALID INS documentation who does not already have a valid License from another U.S. State or U.S. Territory must start with an Indiana Learner Permit. The applicant must hold the permit for a period of at least sixty (60) days before being eligible to apply for an Indiana Driver License.

## SECONDARY DOCUMENTS (1 required)
In addition, any document from the list of Primary documentation may be used as a Secondary document.

- Bank Statement
- Certified Academic Transcript
- Confirmation of Registration Letter from an Educational Institution
- Court documentation with stamp or seal in applicant's name
- Foreign Consulate-Issued ID Card
- Government-Issued License or ID Card
- Hoosier RX Plan Card w/ imprinted name
- Indiana County Pre-sentence Investigation Report with clerk stamp or seal
- Indiana Gun Permit (Valid)
- Indiana Probation Photo ID Card
- Indiana Professional/Occupational license (Valid)
- Indiana BMV Title Application w/BMV Valid Stamp
- Indiana BMV Title or Registration (Valid)
- Insurance Card
- Letter from Probation Officer or county casewprler on letterhead stationary, certified with court or county stamp or seal with the applicant's name, and signature of the probation officer
- Major Credit or Bank Card (MC, VISA, AE, and Discover ONLY) (Valid)
- Original Out-of-State Driver Record
- Out-of-State Driver License, Identification Card or Permit with photograph
- Pay Check Stub - Computer generated
- Prison Release Documentation/Photo ID
- School Report Card (dated within 12 mos.)
- School Photo ID Card
- Selective Service Acknowledgement Card-SSS Form 3A
- U.S. Divorce Decree certified by court of law with stamp or seal
- U.S. Application of Marriage/Record of Marriage (Certified copy.) Must contain the stamped seal and be signed by the Clerk.
- U.S. District Court Pre-sentence Investigation Report with clerk stamp or seal
- U.S. Military Discharge or DD214 Separation papers
- U.S. Veterans Universal Access ID card with photo
- W-2 Form (Federal or State) or 1099 Federal tax form

## PROOF OF INDIANA RESIDENCY (1 required)
**For all NEW issuances and Changes of Address**

**Any document from the list of Primary Documents or Secondary Documentation may be used as proof of Indiana residency as long as the document contains the applicant's name and residential address.**

**For the purposes of this policy, a Post Office Box is not an acceptable residential address.**

**Examples of Proof of Residency include, but are <u>not</u> limited to the following:**

- Child Support Check from FSSA with name and address of the applicant attached
- CURRENT Bill or Benefit Statement (within 60 days of issuance)
- Indiana Driver License, Identification Card or Permit with photograph
- Indiana Property Deed or Tax Assessment
- Indiana Surveyor Report
- Indiana Residency Affidavit
- Voter Registration Card

---

## SOCIAL SECURITY NUMBER (1 required)
**Required by Indiana State and Federal law for all License and Permit transactions**

For issuance of a new Driver License or Permit, the applicant **MUST** provide proof of his/her Social Security Number. If the applicant is already listed on the BMV driver file, only verbal verfication is required.

Metal or plastic "replicas" of a Social Security Card are not accepted.

Social Security Number verification:

- Social Security Card
- NUMI Report - stamped and issued from the Social Security Administration (SSA) office in Baltimore, Maryland.
- Verification of Social Security Number Letter signed and stamped from an INDIANA SSA District Office.
- Valid U.S. Military ID card.
- BMV Social Security Affidavit (only to be used by an applicant who is attesting that they **have never** been issued a Social Security Number)

STATE OF INDIANA        )
                        ):
COUNTY OF MARION        )

IN THE MARION SUPERIOR COURT
ROOM NO. 12
CAUSE NO. 49D12-0504-PL-016207


WILLIAM CRAWFORD, *et al.*,     )
                                )
        Plaintiffs,             )
                                )
        v.                      )
                                )
MARION COUNTY ELECTION          )
BOARD,                          )
                                )
        Defendant.              )

### Motion for Change of Judge

Come now plaintiffs, by their counsel, and, pursuant to Rule 76 of the Indiana Rules of Trial Procedure, move for a change of Judge in this cause.

WHEREFORE, plaintiffs move for a change of Judge, and for all other proper relief.

Kenneth J. Falk
No. 6777-49
Indiana Civil Liberties Union
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059 ext. 229
Fax: 317/635-4105
E-mail: ken.falk@iclu.org

Attorney for Plaintiffs


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the below named person(s) by first class U.S. postage, pre-paid, on this 5th day of May, 2005.

Marion County Election Board

City County Building
200 E. Washington Street - W-122
Indianapolis, IN 46204

Office of Corporation Counsel
City County Building
200 E. Washington Street - Suite 1601
Indianapolis, IN 46204

Office of the Attorney General
IGCS-5th Floor
302 W. Washington St.
Indianapolis, IN 46204

Kenneth J. Falk
Attorney at Law

STATE OF INDIANA )                    IN THE MARION SUPERIOR COURT
                        ) SS:
COUNTY OF MARION        )             CAUSE NO. 49D120504PL016207

WILLIAM CRAWFORD, UNITED            )
SENIOR ACTION OF INDIANA,           )
INDIANAPOLIS RESOURCE CENTER        )
FOR INDEPENDENT LIVING;             )
CONCERNED CLERGY OF                 )
INDIANAPOLIS, INDIANAPOLIS          )
BRANCH OF THE NAACP, INDIANA        )
COALITION ON HOUSING AND            )
HOMELESS ISSUES, JOSEPH             )        **FILED**
SIMPSON,                            )
                                    )
            Plaintiffs,             )    (23)   MAY 1 6 2005
                                    )
                                    )          CLERK OF THE
            v.                      )        MARION CIRCUIT COURT
                                    )
MARION COUNTY ELECTION BOARD        )
                                    )
            Defendants,             )
                                    )
                                    )
                                    )

## APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

Comes now Suzannah Wilson Overholt, Chief Deputy Corporation Counsel, and hereby

enters her appearance on behalf of the Defendant, in the above cause of action.

1. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case

    information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Name: | Suzannah Wilson Overholt, Attorney No. 17148-53-A |
| Address: | 200 East Washington Street, Suite 1601 |
| | Indianapolis, IN 46204 |
| Phone: | (317) 327-4055 |
| FAX: | (317) 327-3968 |
| Computer Address: | soverhol@indygov.org |

2. There are other party members: Yes ___ No _X_

3. Case Type: PL

4. I will accept FAX service: Yes __ No _X_

5. This case does not involve support issues.

6. There are related cases: Yes __ No _X_


Respectfully submitted,

Suzannah Wilson Overholt
Chief Deputy Corporation Counsel
Attorney No. 17148-53-A

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been duly served upon all counsel listed

below, by United States mail, first-class, postage prepaid on this 16th day of May, 2005.


Kenneth J. Falk
Indiana Civil Liberties Union
1031 E. Washington St.
Indianapolis, IN 46202

Suzannah Wilson Overholt
Chief Deputy
Corporation Counsel

Office of Corporation Counsel
1601 City County Building
200 E. Washington Street
Indianapolis, Indiana 46204
(317) 327-4055
Fax: (317) 327-3968

STATE OF INDIANA ) IN THE MARION SUPERIOR COURT
  ) SS:
COUNTY OF MARION ) CAUSE NO. 49D120504PL016207

WILLIAM CRAWFORD, UNITED )
SENIOR ACTION OF INDIANA, )
INDIANAPOLIS RESOURCE CENTER )
FOR INDEPENDENT LIVING; )
CONCERNED CLERGY OF )
INDIANAPOLIS, INDIANAPOLIS )
BRANCH OF THE NAACP, INDIANA )
COALITION ON HOUSING AND )
HOMELESS ISSUES, JOSEPH )
SIMPSON, )
  )
      Plaintiffs, )
  )
      v. )
  )
MARION COUNTY ELECTION BOARD )
  )
      Defendants, )

**FILED**

(23)    MAY 1 8 2005

~~CLERK OF THE~~
MARION CIRCUIT COURT

### NOTICE OF AUTOMATIC ENLARGEMENT OF TIME

The Defendants, Marion County Election Board, by counsel, Suzannah Wilson Overholt, Chief Deputy Corporation Counsel, hereby give notice pursuant to L.R. 5.1 (D) of their Automatic Enlargement of Time to answer the Plaintiffs' Complaint. That Complaint, having been filed on April 28, 2005, requires a responsive pleading that would be due on May 18, 2005. With this enlargement, Defendants' response will be due on June 17, 2005.

Respectfully submitted,

Suzannah Wilson Overholt
Chief Deputy
Corporation Counsel
Attorney No. 17148-53-A

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been duly served upon all

counsel listed below, by United States mail, first-class, postage prepaid on this 16th day of

May, 2005.


Kenneth J. Falk
Indiana Civil Liberties Union
1031 E. Washington St.
Indianapolis, IN 46202


Suzannah Wilson Overholt
Chief Deputy Corporation Counsel


Office of Corporation Counsel
1601 City County Building
200 E. Washington Street
Indianapolis, Indiana 46204
(317) 327-4055
Fax (317) 327-3968

STATE OF INDIANA       )
                       ):
COUNTY OF MARION       )

IN THE MARION SUPERIOR COURT
ROOM NO. 12
CAUSE NO. 49D12-0504-PL-016207

WILLIAM CRAWFORD, *et al.*,       )
                                  )
    Plaintiffs,                  )
                                  )
    v.                           )
                                  )
MARION COUNTY ELECTION            )
BOARD,                            )
                                  )
    Defendant.                   )

FILED

( 90 )    MAY 1 7 2005

## ORDER

Come now plaintiffs, having filed their Motion for Change of Judge, and the Court having read the

Motion, and being duly advised, finds that good cause exists to grant it, and,

IT IS THEREFORE ORDERED that the Motion for Change of Judge is granted and the parties

shall strike from the following panel of judges pursuant to Rule 76, Indiana Rules of Trial Procedure.

The Honorable *Kenneth Johnson*

The Honorable *Gary Miller*

The Honorable *Thomas Carroll*

MAY 1 7 2005

Date

Judge, Marion Superior Court

cc:

Kenneth J. Falk
Indiana Civil Liberties Union
1031 E. Washington St.
Indianapolis, IN 46202

Marion County Election Board
City County Building
200 E. Washington Street - W-122
Indianapolis, IN 46204

Office of Corporation Counsel
City County Building
200 E. Washington Street - Suite 1601
Indianapolis, IN 46204

Office of the Attorney General
IGCS-5th Floor
302 W. Washington St.
Indianapolis, IN 46204